UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
JOEL ROSENZWEIG AND FEIGE ROSENZWEIG
on behalf of themselves and
all other similarly situated consumers

                      Plaintiffs,

-against-

CREDIT CONTROL SERVICES, INC. D/B/A
CREDIT COLLECTION SERVICES

                      Defendant.

-----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiffs Joel Rosenzweig and Feige Rosenzweig seek redress for the illegal practices of Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS"), concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiffs is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Norwood, Massachusetts.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Joel Rosenzweig and Feige Rosenzweig*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

10. On or about January 23, 2019, Defendant CCS sent the Plaintiffs a collection letter attempting to collect on a consumer debt.

11. The debt allegedly belonging to the Plaintiffs was purportedly owed to Allstate Indemnity Company ("Allstate").

12. The Plaintiffs however, had timely canceled their policy with Allstate, and no longer had a balance with them.

13. The balance that Defendant CCS was seeking to collect was therefore non-existent; the Defendant made the Plaintiffs believe that they in fact owed such an amount to Allstate when it was not the case.[1]

14. The Defendant deceptively engaged in the collection of an invalid debt purportedly owed

---

[1] Vangorden v. Second Round, L.P., 897 F.3d 433 (2d Cir. 2018). Consumer stated a claim under §§ 1692e(2), 1692e(10), and 1692f(1) when she alleged that a collection letter falsely stated that she owed a debt and then requested payment on the alleged debt. Rejecting an argument by the collector that § 1692g shielded it from liability, the Second Circuit held that "nothing in the text of the FDCPA suggests that a debtor's ability to state a § 1692e or § 1692f claim is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g." Finally, the court concluded that a letter misstating "the very existence" of a debt can mislead the least sophisticated consumer regardless of the intent of the collector.

       by the Plaintiffs.

15. Section 1692e of the FDCPA states:

    "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of --

    (A) the character, amount, or legal status of any debt."

16. Section 1692(f) of the FDCPA states:

    "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

17. Shortly after Plaintiffs received the said January 23, 2019 letter, which upon information and belief was Defendant's initial communication with Plaintiffs, the Plaintiffs notified Defendant in writing, via United States Postal Service, that they disputed the alleged debt and requested verification.

18. Section 1692g(b) of the FDCPA states that if a consumer notifies a debt collector in writing, within thirty (30) days after receipt of an initial communication from a debt collector that the debt is disputed, the debt collector must cease collection of the debt until the debt collector obtains verification and provides a copy of such varication to the consumer.

19. Defendant CCS nevertheless continued to collect on the alleged debt by sending yet another collection letter to the Plaintiffs on or about March 17, 2019.

20. In addition, Defendant's actions were further in violation for the misrepresentation of a debt owed. See <u>Lee v. Kucker & Bruh, LLP</u>, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013) The court stated: "Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. **These cases, however, are at odds with binding Second Circuit precedent**. See also <u>Goldman v. Cohen</u>, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006) (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). **This argument is contrary to binding Second Circuit precedent**. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three-Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)." (emphasis added)

21. Defendant CCS failed to cease communications to the Plaintiffs regarding the alleged debt, in violation of 15 U.S.C. § 1692c(c).

22. Defendant's actions violated 15 U.S.C. §§ 1692e, 1692g(b) and 1692c(c) for engaging in false and deceptive means, for failing to cease collection of the debt upon receipt of the

Plaintiffs' written dispute, and for failing to cease communications to the Plaintiffs.

23. Plaintiffs suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

24. Plaintiffs suffered actual harm by being the target of the Defendant's misleading debt collection communications.

25. Defendant violated the Plaintiffs' right not to be the target of misleading debt collection communications.

26. Defendant violated the Plaintiffs' right to a truthful and fair debt collection process.

27. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs' alleged debt.

28. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

29. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiffs in a manner that deprived them of their right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

30. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

31. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiffs have suffered including but not limited to, fear, stress, mental anguish, emotional stress

and acute embarrassment for which they should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendant.*

32. Plaintiffs re-state, re-allege and incorporate herein by reference, paragraphs one (1) through one thirty-one (31) as if set forth fully in this cause of action.

33. This cause of action is brought on behalf of Plaintiffs and the members of a class.

34. The class consists of all persons whom Defendant's records reflect resided in the State of New York who (a) received collection letters in substantially the same form as the letters sent to the Plaintiffs; (b) the Plaintiffs and the class communicated with Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (c) the Defendant attempted to collect on a non-existent debt; (d) the Plaintiffs disputed the debt in writing with the Defendant; (e) the Defendant failed to cease communications to the Plaintiffs; and (f) the Plaintiffs assert that the Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692f(1), 1692g(b) and 1692c(c) for engaging in false and deceptive means, including collecting on a non-existent debt and for failing to cease collection of the debt upon receipt of the Plaintiffs' written dispute.

35. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that form letter communications are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who had and / or received such letter communications with the Defendant (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

36. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

37. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

38. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

39. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

40. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request preliminary and permanent injunctive relief, and that this Court enter judgment in their favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 28, 2019

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiffs**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiffs request trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)